IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:09CV134-1-MU

JOSE LEYVA,       )
                  )
    Petitioner,   )
                  )
    v.            )        **O R D E R**
                  )
DAVID MITCHELL, supt., )
                  )
    Respondent.   )
_____)

**THIS MATTER** comes before the Court upon Respondent's Motion for Summary Judgment, filed April 23, 2009.

On or about June 7, 2005, in the Superior Court of Mecklenburg County, after trial by jury, Petitioner was convicted of trafficking cocaine by possession and trafficking cocaine by transportation. Petitioner was sentenced to 175-219 months imprisonment. On February 6, 2007, the North Carolina Court of Appeals issued an unpublished opinion finding no error. On August 23, 2007, the Supreme Court of North Carolina dismissed Petitioner's notice of appeal and denied discretionary review. State v. Leyva, 181 N.C. App. 491, review denied, 361 N.C. 573 (2007).

Petitioner dated a pro se Motion for Appropriate Relief (MAR) September 5, 2008, which was filed with the Superior Court of Mecklenburg County. On December 1, 2008, the court summarily denied Petitioner's MAR. On December 22, 2008, Petitioner filed a certiorari petition with the North Carolina Court of Appeals which was denied on December 31, 2008. On January 29, 2009, Petitioner filed a petition for discretionary review (PDR) with the Supreme Court of North Carolina. On February 5, 2009, the court dismissed the PDR.

On April 3, 2009, Petitioner filed the instant federal habeas petition which was dated March 22, 2009. On April 16, 2009, the Court ordered the Attorney General for North Carolina to respond to Petitioner's federal habeas petition. On April 23, 2009, the Attorney General filed a response arguing that Petitioner's federal habeas petition was untimely. After being notified with a Roseboro order that he had a right to respond to the Motion for Summary Judgment, Petitioner did so on May 27, 2009.

## ANALYSIS

### A. Limitation Period

On April 23, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Among other things, the AEDPA amended 28 U.S.C. § 2254 by imposing a 1-year statute of limitations period for the filing of a federal habeas petition. Such amendment provides:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Petitioner's case became final on November 21, 2007 – ninety days after the August 23, 2007, Order of the North Carolina Supreme Court's denying Petitioner's petition for discretionary review. See Clay v. United States, 537 U.S. 522 (2003)(for federal cases, finality occurs when the time for noticing review expires). Consequently, Petitioner's limitation period began to run on November 22, 2007.

Petitioner's limitation period ran for 322 days until Petitioner filed a Motion for Appropriate Relief (MAR) on October 8, 2008.[1] See 28 U.S.C. § 2244(d)(2) (the one-year limitation period is tolled for the period during which a properly filed state post-conviction action is pending). Petitioner's limitation period was then tolled through December 31, 2008, when the North Carolina Court of Appeals denied his certiorari petition challenging the denial of his MAR.

Petitioner's limitation began to run again on January 1, 2009, and expired on or about February 13, 2009. Because Petitioner did not file his federal habeas petition until March 22, 2009, it is untimely.

Petitioner's petition for discretionary review that he filed with the Supreme Court of

---

[1] In his federal habeas form, Petitioner indicates that he mailed his MAR on September 5, 2008. While Petitioner's MAR is signed on September 5, 2008, the certificate of service for this document had its date scratched out twice. The day of "8" has been written over in order to change it to a "5." And the month of September was struck through once and replaced by October and then October was struck through and replaced again by the month "September." Significantly, attached to the MAR is an affidavit that is dated October 8, 2008. Obviously, the MAR and attached affidavit could not be filed prior to the date listed on the affidavit. Given the date of the affidavit and the fact that "October" and "8" were also written – albeit subsequently crossed out – on the MAR's certificate of service, this Court concludes that the MAR was filed October 8, 2008, and this date will be used in the statute of limitation analysis. However, as pointed out by Respondent in its summary judgment brief, regardless of whether the MAR is considered filed on September 5, 2008, or October 8, 2008, Petitioner's federal habeas petition is still untimely.

North Carolina did not operate to toll Petitioner's limitation period because the state court lacked the authority to adjudicate the petition and thus it was not properly filed. See N.C.G.S. § 7A-28(a) ("Decisions of the Court of Appeals upon review of motions for appropriate relief listed in G.S. 15A-1415(b) are final and not subject to further review in the Supreme Court by appeal, motion, certification, writ, or otherwise."); Artuz v. Bennett, 531 U.S. 4 (2000)("properly filed" state post-conviction application must be filed in accordance with state rules concerning form of document, applicable time periods, and proper court and office for filing).

In his response to respondent's Motion to Dismiss, Petitioner argues that his federal habeas petition is in fact timely. To support his contention Petitioner presents his own calculations regarding his limitation period. Petitioner argues that pursuant to Rule 6 of the Federal Rules of Civil Procedure weekends and holidays should not be counted in computing time periods and additional time should be added whenever service is accomplished by mail. Petitioner misapprehends Rule 6. The exclusion of weekend days and holidays under Rule 6 only applies when the computation period at issue is less than eleven days. Moreover, the three additional days for service by mail only applies when the service is done pursuant to Rule 5 which is inapplicable to the instant case. Consequently, the Court finds that Petitioner's federal habeas was filed over one year after his conviction became final.

Not to be deterred, Petitioner also argues that his limitation period should be calculated not from the date his conviction became final but rather from his discovery of the new, previously undiscoverable evidence which forms the basis of his claims. Petitioner provides no specifics with regard to this argument other than to reference his entire federal habeas petition. A review of Petitioner's federal habeas petition however, does not support his assertion that it is

predicated on new, previously undiscoverable evidence. Indeed, Petitioner presents no new evidence – just conjecture. Such conclusory assertions are insufficient. Moreover, a review of his federal habeas petition demonstrates that the legal and factual basis of these claims were available to Petitioner since at least the time of his trial.

**IT IS, THEREFORE, ORDERED** that:

1. Respondent's Motion for Summary Judgment is **GRANTED**; and

2. Petitioner's Petition for a Writ of Habeas Corpus is **DISMISSED**.

Signed: June 16, 2009

Graham C. Mullen
United States District Judge